IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DENNY RAMIREZ, Individually
and as Administrator of the Estate
of Luke D. Ramirez, and Laura
Delmege, Individually, and as the
Mother and Next Friend of
Nicholas D. Ramirez, a Minor,**

    **Plaintiffs,**

vs.                                                                                    Civ. No. 00-331 JP/KBM

**ISUZU MOTORS LIMITED and
SUBARU-ISUZU AUTOMOTIVE INC.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Plaintiffs object (Doc. No. 101) under Federal Rule of Civil Procedure 72(a) to an Order filed on March 21, 2001 by Magistrate Judge Molzen. Plaintiffs' objections will be denied.

I.    Background

This case concerns the death of a young boy in a car crash, allegedly caused by the rollover of a 1997 Isuzu Rodeo, the last model-year in the first generation of that make of car. In late July 2000 Plaintiffs served interrogatories and a request for production of documents on Defendant Isuzu Motors Limited ("IML"). On September 1, 2000 Defendant IML responded. In several instances, Defendant IML objected to Plaintiffs' questions or requests "[t]o the extent [they] seek[] handling and stability testing of vehicles other than the 1991-1997 Rodeo." (E.g., Doc. No. 86 Ex. A (Req. for Prod. at 19)). Defendant IML claimed that these questions and requests relating to non-first generation Isuzu Rodeos were "not limited to the subject vehicle or substantially similar vehicles," they were overly broad, unduly burdensome, and directed at

information not relevant or reasonably calculated to lead to discovery of admissible evidence. (Id.)  At a status conference held on January 9, 2001, or perhaps before, Plaintiffs appear to have orally requested discovery of ADAMS (an acronym for a commercial computer program) simulations performed on the 1998 Rodeo.  Defendant IML objected as to timeliness under Local Rule 26.6 and relevance.  At the January 9, 2001 status conference, the Magistrate Judge instructed the parties to brief these two issues.

On January 31, 2001 Plaintiffs filed a written motion to compel.  The January 31, 2001 motion to compel sought discovery of the versions of ADAMS owned or used by Defendant IML since 1984 and virtually all data files relating to simulations or experiments run on all iterations of the Rodeo and the Isuzu Trooper.  (Doc. No. 78 at 1-2).  The Magistrate Judge stated that "[t]he filed motion to compel seeks not only the ADAMS simulation for the 1998 Rodeo, but further discovery of IML's knowledge and use of computer simulation of vehicle dynamics between 1988 and the present day and their knowledge of the correlation between static stability (T/2H) and rollover resistance of motor vehicle[s]."  (Doc. No. 94 at 3) (quotation omitted).

The Magistrate Judge denied Plaintiffs' motion to compel.  The Magistrate Judge first observed that Plaintiffs had been aware, for almost a year, of Defendant IML's view that information concerning Troopers and non-first generation Rodeos is not relevant.  The Magistrate Judge also commented that the existence of the materials Plaintiffs requested on January 31, 2001 had been known to them long before they filed their complaint.

The Magistrate Judge then concluded that even if the requested information was relevant, "Plaintiffs' have failed to establish good cause for permitting the expansion of discovery at this

late date." (Doc. No. 94 at 4.) Plaintiffs had requested the same information, "albeit with less specificity" in July 2000. Plaintiffs' January 31, 2001 motion to compel which followed Defendant IML's September 1, 2000 objections to the July 2000 requests by more than 20 days was therefore untimely under Local Rule 26.6. The Magistrate Judge concluded that waiting until the completion of Mr. Koichi Oho's deposition did not merit a belated extension of the 20 day period, which can be lengthened for good cause under Local Rule 26.6. She was also unpersuaded that Plaintiffs could avoid their obligation to seek timely relief by requesting in January 2001, with greater precision, the same discovery requested less precisely in July 2000.

II.     Standard

I must defer to the Magistrate Judge's decision unless it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997). To overturn the Magistrate Judge's decision under Rule 72(a), I must have a "definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1998); see also Jochims v. Isuzu Motors, Ltd., 151 F.R.D. 338, 340 (S.D. Iowa 1993) (indicating that "clearly erroneous" standard applies to factual findings and that "contrary to law" standard applying to conclusions of law is "more lenient"). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week old, unrefrigerated dead fish." Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988).

III.    Discussion

    A.     Factual findings

Plaintiffs do not challenge most of the Magistrate Judge's factual findings. For instance,

3

Plaintiffs do not contest the Magistrate Judge's statement that the information sought in January 2001 was previously requested in July 2000, or the Magistrate Judge's characterization of what Plaintiffs sought verbally or in writing in January 2001.  Plaintiffs do not dispute that they understood since at least July 2000, when the Initial Pre-Trial Report was filed, that Defendant IML considered discovery on vehicles other than non-first generation Rodeos to be improper.  Plaintiffs also do not dispute that they were aware before they filed their complaint of the existence of the information, including ADAMS simulations, which they sought in January 2001 (although Plaintiffs at times suggest that until they deposed Mr. Oho they did not know what to make of ADAMS).

Only two factual findings are challenged.  Neither of these bear the scent of malodorous fish.  First, Plaintiffs contend that the Magistrate Judge erred by citing only one of Defendant IML's objections to Plaintiffs' July 2000 discovery request and that she therefore must have failed to consider that Plaintiffs needed more than 20 days to overcome "not one but four separate objections to the requests for information."  (Doc. No. 98 at 7) (citing Doc. No. 94 at 3).  The Magistrate Judge on page 3 cites to all four of Defendant IML's objections.  Accordingly, it is Plaintiffs who err in characterizing the Magistrate Judge's order.

Second, Plaintiffs argue that the Magistrate Judge made a contradictory, and thus clearly erroneous, finding.  She found that the January 31, 2001 motion to compel sought information previously requested in July 2000 and that the January 31, 2001 motion to compel sought an "expansion" of discovery. (Doc. No. 98 at 8, citing Doc. No. 94 at 4). (Plaintiffs contend that their January 2001 request actually narrowed the scope of previously requested discovery.)  When the Magistrate Judge's finding are read in context with the balance of March 21, 2001

4

Order, the briefing on the motion to compel, and the Initial Pre-Trial Report, it is obvious that the language to which Plaintiffs refer is not contradictory. Defendant IML early in this case took the position that information concerning Troopers and post-1997 Rodeo models is irrelevant. Plaintiffs nonetheless in July 2000 requested such information. Defendant IML objected. Plaintiffs failed to move timely to compel. Plaintiffs later moved to compel discovery concerning non-first generation Rodeos. If granted, Plaintiffs' motion would have, for the first time, permitted discovery on ADAMS simulations for non-first generation Rodeos. The Magistrate Judge declined to expand discovery to this field.

    B.    Conclusions of law

        1.    Deposition of Koichi Oho

Plaintiffs' argument in support of their assertion that the Magistrate Judge's order was contrary to law is difficult to follow, but appears to hinge, primarily, on the deposition of Koichi Oho taken on October 26 and 27, 2000. Plaintiffs argue that they could not attempt in good faith to rebut Defendant IML's September 1, 2000 objections at least until after Mr. Oho's deposition, by which time the 20 day window in D.N.M. LR-Civ. 26.6 had passed.[1] Plaintiffs contend that only after they deposed Mr. Oho could they "clearly establish beyond any doubt that the requested information reflected Isuzu's knowledge and capability to understand, test, and evaluate the role of vehicle parameters on rollover safety from 1988 until 1997." (Doc. 98 at

---

[1] Plaintiffs also contend that they did not have a sufficient basis for moving to compel in response to Defendant IML's September 1, 2000 objections until they received, on January 31, 2001, Defendant IML's Supplemental Answer to Interrogatory 7. Plaintiffs read the Supplemental Answer to Interrogatory 7 as supporting the position that Defendant IML "had the ADAMS simulation program" while they tested the first generation Rodeos. (Doc. No. 98 at 6.) But Plaintiffs already knew Defendant IML had ADAMS. Moreover, Plaintiffs had already moved verbally to compel earlier in the month, before receiving the Supplemental Answer.

5

10.) "Only with this information," Plaintiffs assert, "could the Plaintiffs meet IML's multiple objections of overbreadth, burdensomeness, and the allegation that the material was not calculated to lead to the discovery of admissible evidence." (Id.)

Yet even now Plaintiffs do not adequately explain how Mr. Oho's alleged testimony in October 2000 that Defendant IML knew about "the role of vehicle parameters on rollover safety from 1988 and 1997" helped to better equip them to address the September 1, 2000 objections. In fact, Plaintiffs seem to say that Mr. Oho's deposition only reinforced what they already knew and thus added little. Plaintiffs perhaps imply that the request in January 2001--triggered by Mr. Oho's October 2000 deposition--for information about ADAMS addresses Defendant IML's objections as to breadth and burden. Plaintiffs still offer no explanation, implied or otherwise, as to why they waited from October 2000, after Mr. Oho's deposition, until January 2001 to make this request. Plaintiffs also appear not to have even attempted within the 20 day time limit to preserve the ability to object later.

Additionally, Plaintiffs' argument does not make much sense from a policy perspective: Plaintiffs essentially argue that discovery is needed to support a motion to compel discovery. Also, for Plaintiffs to argue that they could not support their motion to compel until January 2001 is to imply that their first request, in July 2000 for the same information, had no support at the time. Neither view is logical.

In the end, the Magistrate Judge was not persuaded by Plaintiffs' argument that they had no choice but to wait to move to compel until long after the deposition of Mr. Oho. Similarly, Plaintiffs have not convinced me that the Magistrate Judge erred in concluding that Plaintiffs failed to demonstrate that they had good cause to wait to file a motion to compel until after they

deposed Mr. Oho.

        2.      Federal Rules and Local Rules

Plaintiffs appear to make a number of assertions that the Magistrate Judge acted in violation of the Federal Rules of Civil Procedure or Local Rules or both. These positions are neither clear nor cogent. For example, Plaintiffs seem to contend that they could not have timely complied with Local Rule 26.6 without running afoul of Federal Rule 11. But Federal Rule 11 is inapplicable to discovery matters. Fed. R. Civ. P. 11(d). For another example, Plaintiffs appear to argue that the time limitation in Local Rule 26.6 improperly limits Federal Rules 26 and 37 which permit motions to compel at any stage prior to the close of discovery. Federal Rule 83 enables the Local Rules and authorizes the imposition of the time limit in Local Rule 26.6 that is complementary to, and not inconsistent with, Federal Rules 26 and 37. For yet another example, Plaintiffs rely upon Federal Rule 1 (which cites the duty of courts to administer the rules justly), Local Rule 1.7 (which authorizes judges to waive the rules to avoid injustice), and the general principle that discovery must be fair so that Plaintiffs can have a fair trail, to argue that justice has not been done. Plaintiffs essentially turn a blind eye to the fact that the Magistrate Judge has twice applied Local Rule 26.6, at Plaintiff's urging, to deny Defendants' motions to compel when Defendants' motions were one day late.[2] (Doc. No. 94 n. 1). Plaintiffs claim that situation was materially different because Defendants had declined an offer for a stipulated extension of

---

[2] Actually, it appears that Defendants' motions were only a few hours late. (Doc. No. 50 at 3.) Nonetheless, Plaintiffs argued at the time that "Defendants were well aware of the clear and unambiguous language of 26.6, and the consequences of failure to serve timely motions to compel within 20 calendar days of service of Plaintiffs' responses." (Id. at 5.) (served September 22, 2000, 21 days after Plaintiffs received Defendant IML's allegedly incomplete responses to the July 2000 requests and interrogatories and over four months before Plaintiffs' present motion to compel.)

time. But no reason is offered, and none is apparent, as to why that distinction makes a difference. The Magistrate Judge has even-handedly applied the Federal Rules of Civil Procedure and the Local Rules in this case. Nothing about that approach leaves me with a definite or firm conviction that error has been committed.

The Magistrate Judge did not reach the question of whether Plaintiffs' request would be relevant, even if it was timely. Moreover, Plaintiffs do not argue that the Magistrate Judge erred in not considering relevance. Therefore, I do not reach Defendant IML's argument that the requested discovery is irrelevant.

IT IS THEREFORE ORDERED THAT Plaintiffs' objections to the Magistrate Judge's March 21, 2001 Order are denied.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**